# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **MATTHEW GERNDT**, | : | |
| | : | CIVIL ACTION NO.: 2:19-cv-13008 |
| Plaintiff(s), | : | |
| | : | |
| **vs**. | : | **COMPLAINT AND JURY DEMAND** |
| | : | |
| **NEW JERSEY STATE POLICE, TRP.** | : | |
| **OMARI LEWIS (#7648), ABC and** | : | |
| **XYZ CORPORATIONS 1-10, and** | : | |
| **JOHN and JANE DOES 1-10, jointly,** | : | |
| **individually and severally**, | : | |
| | : | |
| Defendant(s). | : | |

Plaintiff Matthew Gerndt, by way of Complaint against Defendants New Jersey State Police, ABC and XYZ Corporations 1-10, and John and Jane Does 1-10, jointly, individually and severally, does say:

## PARTIES

1.     Plaintiff is an adult individual resides in New Jersey.

2.     Defendant New Jersey State Police has an address at: 1 River Road, West Trenton, New Jersey 08628; at all relevant times herein, Defendant Trp. Omari Lewis (#7648) was based out of the Netcong Station of Defendant New Jersey State Police located at: 85 US-206, Netcong, NJ 07857.

3.     Upon information and belief, Defendants ABC and XYZ Corporations 1-10 are other culpable corporate forms or entities or parties, and/or employees, agents, servants, and/or independent contractors employed and/or retained by Defendant New Jersey State Police.

4. Upon information and belief, Defendants John and Jane Does 1-10 are Troopers, employees, agents, servants or workmen of and/or independent contractors retained by Defendant New Jersey State Police.

## JURISDICTION AND VENUE[1]

5. This Court has jurisdiction pursuant to Title 28 of the United States Code, Sections 1331, 1332, 1343 (2), 1343 (3), 1343 (4), and Title 42 of the United States Code, Section 1983, as well as pendent jurisdiction to adjudicate Plaintiff's causes of action on the state and common law claims.

6. Venue is properly laid in the United States District Court of the District of New Jersey pursuant to Title 28 United States Code Section 1391 (b) in that all of the acts complained of herein occurred in the district and that the Defendants are citizens of, reside in or are public entities of the State of New Jersey and domiciled within this district.

7. The matter in controversy herein involves, exclusive of interest, an amount in excess of $75,000.

## FACTS

8. On May 28, 2017, while performing what could only be considered a "routine" investigation of an alleged domestic violence incident, at 70 Brady Road, in Lake Hopatcong, New Jersey, Defendant Trp. Omari Lewis (#7648) recklessly and negligently fired shots at, and indeed shot Plaintiff Matthew Gerndt through the hip (with the bullet penetrating his skin and exiting out

[1] It should be noted that June 28th, 2017 (via fax and overnight mail), Plaintiff served a Notice of Claim for damages in the form prescribed by New Jersey Statutes, Title 59:8-4, that was signed for and served upon the Defendants on June 28th and 29th, 2017, within the statutorily prescribed period. Additionally, a Deputy Attorney General for the State of New Jersey requested to see said Notice of Claim for damages, and proof of service, and same was proffered to him on January 8, 2018. Further, More than six (6) months have elapsed since service of Plaintiff's Notice of Claim and the claims remain unresolved. Moreover, This action is commenced within two (2) years from the date of the occurrence. Defendants have had ample opportunity and time to fully investigate and attempt a resolution of the claims. Therefore, All conditions precedent to filing suit have been met.

his left buttock), causing Mr. Gerndt great injury, pain and suffering, which is persistent and continues.

9. Approximately thirty-five (35) Defendant New Jersey State Police Troopers "investigated" this incident before during and after the shooting. See Discovery, herewith attached as Exhibit "A."

10. Trooper Lewis was identified as being "involved in a shooting which occurred while effecting the arrest of (sic) Mr. Gerndt." See Exhibit "A."

11. Late in the evening, asleep in his private room at the above-referenced Brady Road residence where he was a tenant, Plaintiff was aroused by knocking at his door (which was locked).

12. Upon opening the door to his room, unarmed, and without further warning, Plaintiff first felt a blast of air rush past his head (apparently the first fired shot), and then he felt excruciating pain as he was again fired at and shot in the hip, as aforementioned by Defendant Trp. Lewis; the bullet that struck Plaintiff entered his body through his hip and exited through his left buttock, grazing his left inner forearm in the process.

13. Immediately thereafter, Plaintiff was slammed to the ground by multiple of Defendant New Jersey State Troopers who responded to the investigation, and was left bleeding on the floor of his room. See Exhibit "A."

14. Plaintiff was then transported to Morristown Memorial Hospital for treatment of his injuries, and continues to be treated for the same to this day.

## FIRST CAUSE OF ACTION
### (Excessive Force)

15. Plaintiff re-alleges and incorporates by this reference each allegation set forth in paragraphs 1 through 14 above as if set forth in full herein.

16. Defendant(s) aforesaid actions constituted excessive force against the Plaintiff.

17. As a direct and proximate result of Defendant's actions in this regard, Plaintiff has suffered physical damage and other damages, including from mental anguish and anxiety, as well as post-traumatic stress disorder.

**WHEREFORE,** Plaintiff demands judgment against **Defendants New Jersey State Police, Trp. Omari Lewis (#7648), ABC and XYZ Corporations 1-10, and John and Jane Does 1-10, jointly, individually and severally,** and in the alternative with the other Defendants named herein, for damages as would reasonably and properly compensate Plaintiff in accordance with the laws of the State of New Jersey, together with interest, costs of suit, attorneys fees, punitive damages and such other legal and equitable relief as the Court deems appropriate.

## SECOND CAUSE OF ACTION

### (Intentional Infliction of Emotional Distress)

18. Plaintiffs re-allege and incorporate by this reference each allegation set forth in paragraphs 1 through 17 above as if set forth in full herein.

19. The conduct of the Defendants as described above, was extreme, outrageous and beyond the scope of common decency and were intended to cause Plaintiff severe emotional distress.

20. As a direct consequence of the Defendants' conduct, Plaintiff has suffered severe emotional distress for conduct which no reasonable person should be expected to endure which continues to this day and can be considered permanent in nature

**WHEREFORE,** Plaintiff demands judgment against **Defendants New Jersey State Police, Trp. Omari Lewis (#7648), ABC and XYZ Corporations 1-10, and John and Jane Does 1-10, jointly, individually and severally,** and in the alternative with the other Defendants named herein, for damages as would reasonably and properly compensate Plaintiff in accordance with the laws of the State of New Jersey, together with interest, costs of suit, attorneys fees,

punitive damages and such other legal and equitable relief as the Court deems appropriate.

## THIRD CAUSE OF ACTION

### (Abuse of Process)

21. Plaintiffs re-allege and incorporate by this reference each allegation set forth in paragraphs 1 through 20 above as if set forth in full herein.

22. Defendants' actions aforesaid constitute an abuse of process.

23. As a direct and proximate result of Defendant's actions in this regard, Plaintiff has suffered physical damage and other damages, including from mental anguish and anxiety, as well as post-traumatic stress disorder.

**WHEREFORE,** Plaintiff demands judgment against **Defendants New Jersey State Police, Trp. Omari Lewis (#7648), ABC and XYZ Corporations 1-10, and John and Jane Does 1-10, jointly, individually and severally,** and in the alternative with the other Defendants named herein, for damages as would reasonably and properly compensate Plaintiff in accordance with the laws of the State of New Jersey, together with interest, costs of suit, attorneys fees, punitive damages and such other legal and equitable relief as the Court deems appropriate.

## FOURTH CAUSE OF ACTION

### (Negligence)

24. Plaintiffs re-allege and incorporate by this reference each allegation set forth in paragraphs 1 through 23 above as if set forth in full herein.

25. Defendants were negligent in their actions leading up to, and including, shooting the Plaintiff.

26. As a direct and proximate result of Defendant's actions in this regard, Plaintiff has suffered physical damage and other damages, including from mental anguish and anxiety, as well as post-traumatic stress disorder.

**WHEREFORE,** Plaintiff demands judgment against **Defendants New Jersey State Police, Trp. Omari Lewis (#7648), ABC and XYZ Corporations 1-10, and John and Jane Does 1-10, jointly, individually and severally,** and in the alternative with the other Defendants named herein, for damages as would reasonably and properly compensate Plaintiff in accordance with the laws of the State of New Jersey, together with interest, costs of suit, attorneys fees, punitive damages and such other legal and equitable relief as the Court deems appropriate.

## FIFTH CAUSE OF ACTION

### (New Jersey Civil Rights Violation)

27. Plaintiffs re-allege and incorporate by this reference each allegation set forth in paragraphs 1 through 26 above as if set forth in full herein.

28. At all relevant times herein, Defendants deprived, interfered with and/or attempted to interfere by threats, intimidation, and/or coercion with the exercise and/or enjoyment of Plaintiff of his substantive due process, equal protection rights, privileges and/or immunities secured by the Constitution and/or laws of the United States and/or the State of New Jersey in violation of N.J.S.A. 10:6-2.

29. As a direct and proximate result of Defendant's actions in this regard, and the rights afforded to him under N.J.S.A. 10:6-2, Plaintiff has suffered damages.

30. The civil rights violations aforesaid were committed by the Defendants with actual malice and/or wanton and willful disregard of persons or foreseeably might be harmed by Defendants' actions, namely Plaintiff.

**WHEREFORE,** Plaintiff demands judgment against **Defendants New Jersey State Police, Trp. Omari Lewis (#7648), ABC and XYZ Corporations 1-10, and John and Jane Does 1-10, jointly, individually and severally,** and in the alternative with the other Defendants named herein, for damages as would reasonably and properly compensate Plaintiff in accordance

with the laws of the State of New Jersey, together with interest, costs of suit, attorneys fees, punitive damages and such other legal and equitable relief as the Court deems appropriate.

## SIXTH CAUSE OF ACTION

### (42 U.S.C. 1983 Violation)

31. Plaintiffs re-allege and incorporate by this reference each allegation set forth in paragraphs 1 through 30 above as if set forth in full herein.

32. At all relevant times herein, Defendants, under color of law, subjected Plaintiff and/or caused Plaintiff to be subjected to a deprivation of his rights, privileges, and/or immunities secured to him by and under the United States Constitution.

33. The acts aforesaid were committed pursuant to a policy statement, ordinance, regulation, and/or decision official adopted and promulgated by the Defendants and/or a well-settled custom or practice by Defendants.

34. Furthermore, the aforesaid acts were committed as a result of inadequate training and/or supervision by Defendants.

35. The Fourth Amendment and Due Process clause of the Fourteenth Amendment to the United States Constitution prohibit deprivation of life, liberty or property without due process of law.

36. Substantive due process under the Fourteenth Amendment requires that a citizen, such as Plaintiff's decedent be protected from state action which deprives the citizen of their life and liberty.

37. As a direct and proximate result of Defendants' violations of Plaintiff's civil rights guaranteed to him by 42 U.S.C. 1983, Plaintiff suffered damages.

**WHEREFORE,** Plaintiff demands judgment against **Defendants New Jersey State Police, Trp. Omari Lewis (#7648), ABC and XYZ Corporations 1-10, and John and Jane**

**Does 1-10, jointly, individually and severally,** and in the alternative with the other Defendants named herein, for damages as would reasonably and properly compensate Plaintiff in accordance with the laws of the State of New Jersey, together with interest, costs of suit, attorneys fees, punitive damages and such other legal and equitable relief as the Court deems appropriate.

## SEVENTH CAUSE OF ACTION

### (Punitive Damages)

36. Plaintiffs re-allege and incorporate by this reference each allegation set forth in paragraphs 1 through 35 above as if set forth in full herein.

37. The acts committed by the Defendants aforesaid were done with actual malice and/or wanton and willful disregard of persons who foreseeably might be harmed by Defendants' actions, namely Plaintiff.

38. Accordingly, Plaintiff now seeks punitive damages pursuant to N.J.S.A. 2A:15-5.10, et seq.

**WHEREFORE,** Plaintiff demands judgment against **Defendants New Jersey State Police, Trp. Omari Lewis (#7648), ABC and XYZ Corporations 1-10, and John and Jane Does 1-10, jointly, individually and severally,** and in the alternative with the other Defendants named herein, for damages as would reasonably and properly compensate Plaintiff in accordance with the laws of the State of New Jersey, together with interest, costs of suit, attorneys fees, punitive damages and such other legal and equitable relief as the Court deems appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury as to all issues so triable.

## DEMAND FOR DISCOVERY OF INSURANCE COVERAGE

Demand is hereby made that Defendants disclose to Plaintiffs' attorney whether or not there are any insurance agreements or policies under which any person or firm carrying on an

insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or indemnify or reimburse for payments made to satisfy the judgment and provide plaintiff's attorney with true copies of those insurance agreements or policies, including, but not limited to, any and all declaration sheets. This demand shall include and cover not only primary coverage, but also any and all excess, catastrophe and umbrella policies.

THE MARCHESE LAW FIRM, LLC
Attorney(s) for Plaintiff Matthew Gerndt

By:    DANIEL G.P. MARCHESE, ESQ.
NJ Attorney ID#:    004291998

Date:  May 28, 2019

Exhibit "A"

# N.J. State Police Supplemental Investigation Report     B080-2017-00171

## General Information

| | |
|---|---|
| **Station/Unit:** NETCONG | **Division Case Number:** B080-2017-00171 |
| **Code:** B080 | **Prosecutor's Case Number:** |
| **Area Code & Phone:** (973) 347-1001 | **Weather:** Clear - Moon Lit Night |
| | **Crime/Incident Location:** INTERSTATE 80 EAST MP 25.6 |
| **Date & Time:** At 09:47 - 05/28/2017 | |
| **County/Municipality:** Morris / Mount Olive Twp. - 1427 | |

| | | | |
|---|---|---|---|
| **No. Arrested / Summ.:** 1 | **Adult:** 1 | **Juvenile:** 0 | |
| **New Arrested / Summ.:** 0 | **Adult:** 0 | **Juvenile:** 0 | |
| **Crime Status:** Cleared By Arrest | | **Drinking Driving Case Number:** N/A | |
| **Case Status:** Court | | **Accident Case Number:** N/A | |

## Person Reporting Crime/Incident

*N/A*

## Original Crime/Incident  Charge(s) & Statute(s)

( *2C:12-1) - ASSAULT

## New Crime/Incident Charge(s) & Statute(s)

*N/A*

## Victims (Individuals)

| | | |
|---|---|---|
| **Victim Name (First, Middle, Last):** BETSY EMERY | | **Phone:** ███████ |
| **Complete Address:** ██████████ NEW YORK, NY 10024 | | |
| **S.S.N** ████  **D.O.B**        **Sex**        **Race** | | |
| **Victim's Employer, City, State:** | | **Phone:** |

## Victims (Businesses)

*N/A*

## Complainants  (Individuals)

*N/A*

## Complainants  (Businesses)

| | |
|---|---|
| **Business Name:** STATE OF NEW JERSEY | |
| **Business Address:** 125 WEST STATE ST , TRENTON, NJ 08608 | **Phone:** (973) 347-1001 ext. 0 |
| **Manager's Name (First, Middle, Last):** | **Date & Time:** 05/28/2017 - 10:05 |

## Other Persons Involved

*N/A*

## Vehicle Information

| | | |
|---|---|---|
| **Year:** 2010 | **Make & Model:** Nissan - Altima | **Body Type:** Sedan, 4 Door |
| **Color:** Gray | **Registration No. & State** ████ New Jersey | |
| **Vehicle Status:** | **V.I.N. or Distinguishing Marks** ████████ | |

## Additional Stolen/Recovered Property & Values

*N/A*

# N.J. State Police Supplemental Investigation Report    B080-2017-00171

## Evidence, Alarm, and Report Status

| | | |
|---|---|---|
| Chemical Lab Number: | Evidence: | Arrest Report Pending: No |
| Ballistics Lab Number: | NJSP - S&TS: No | Prop./Veh. Report Pending: No |
| Alarm Number/Year: | Retained: No | Alarm Pending: No |
| Alcohol Involved: Not Applicable | Returned: No | Evidence Pending: No |
| Other Drugs Involved: Not Applicable | Destroyed: No | Bias Incident: No |
| VCCB Information and | Co-Op: No | Domestic Violence: Yes |
| Phone Number Provided | | |
| (1-800-242-0804): Not Applicable | | |

## Technicians Involved

*N/A*

## Assisting Troopers

| Badge #: | Name: |
|---|---|
| 4949 | LT. N CAGNOLE |
| 5029 | CAPT. M BLASCO |
| 5229 | DSFC K G WISE |
| 5269 | LT. R M GALLO |
| 5298 | DSFC M A MCCURRY |
| 5327 | SFC M WATSON |
| 5220 | LT. R J SUNDA |
| 5772 | CAPT. J PROCACCINO |
| 5768 | SFC N A PICILLO |
| 5835 | SSGT. P D KERSHAW |
| 5875 | DSFC T P MCENROE |
| 5964 | DSG G C LEWIS |
| 6089 | DSG F F ROBINA |
| 6363 | TPR. I W D LEGG |
| 6535 | DSG M S VAN LENTEN |
| 6541 | DSG S M BENINGHOF |
| 6587 | DET. I J A LOMBARDO |
| 6410 | TPR. I S KUHN |
| 6493 | TPR. I T L BURRELL |
| 6671 | DET. I J M CRAMER |
| 6443 | DET. I S A COBO |
| 6720 | DET. I S J DECKERT |
| 7002 | TPR. I A A RIVAS |
| 7142 | TPR. II D J PALAIA |
| 7194 | TPR. II R J DOWLING |
| 7042 | DET. II F J KUHRT |
| 7236 | DET. II J M MUCKSAVAGE |
| 7443 | TPR. G T WARD |
| 7648 | TPR. O J LEWIS |
| 7746 | TPR. M D GALLANT |
| 7842 | TPR. N L CORVINO |
| 7760 | TPR. J P KATA |
| 7883 | TPR. M KULIK |
| 7890 | TPR. H B MACK |
| 7869 | TPR. E M GUZMAN |

# N.J. State Police Supplemental Investigation Report     B080-2017-00171

## Other Supporting Agencies

| | | |
|---|---|---|
| **Agency Name:** N.J. Division Of Criminal Justice | | |
| **Agent Name (First, Middle, Last)** Danielle Terracciano | **Rank:** Det. | **Badge #:** |
| **Agency Name:** N.J. Division Of Criminal Justice | | |
| **Agent Name (First, Middle, Last)** Megan Flanagan | **Rank:** Det. | **Badge #:** |
| **Agency Name:** Morris County Prosecutor'S Office | | |
| **Agent Name (First, Middle, Last)** Julian Hill | **Rank:** A.P. | **Badge #:** |

## Related Cases

Case Number(s): H640-2017-00007

## Additional MV Summons/Warnings & Statutes

*N/A*

## Suspects/Summoned

*N/A*

## New Suspects/Summoned

*N/A*

## Persons Arrested

MATTHEW GERNDT

Address: 70 BRADY RD , LAKE HOPATCONG, NJ 07849

| S.S.N.: | D.O.B | Age | Sex | Race | Criminal Complaint Warrant/Summons No. |
|---|---|---|---|---|---|
| NONE | 09/21/1986 | 30 | Male | 1B | |

## New Persons Arrested

*N/A*

## Narrative

At 10:35 pm Saturday, May 28, 2017, I was contacted by Trooper Omari Lewis #7648 who stated that he was investigating a "rolling domestic." He stated that he was detailed to a pedestrian contact that was eventually discovered to be a domestic dispute. He stated the female, later identified as Betsy Ann Emery, was found walking along Interstate 80; he said she had minor injuries from the domestic violence assault. Tpr. Lewis photographed her injuries and he explained that they were going to find the suspect (the victim's boyfriend) to effect an arrest due to the fresh, visible signs of injury.

At 11:57 pm SSGT. P. Kershaw #5835 contacted me and advised that Trooper Omari Lewis #7648 was involved in a shooting which occurred while effecting the arrest of Matthew Gerndt. I then contacted DSG Gregory Lewis #5964 to update him and then responded to New Jersey State Police Netcong Station. The New Jersey Attorney General's Office was detailed to 70 Brady Road Lake Hopatcong, NJ to investigate the use of force. Upon arrival at the station, I was advised that the victim had departed the station with a representative of the Domestic Violence Response Team (DVRT) However, prior to my arrival Ms. Emery was contacted by Netcong Station personnel who requested she return to Netcong Station. It was at this time that I decided to conduct a recorded interview of

# N.J. State Police Supplemental Investigation Report          B080-2017-00171

the victim.

When I met with the victim she was accompanied by a representative of DVRT. I began a recorded interview at 1:08 am, during this interview Ms. Emery stated that she is in a relationship with "Matthew" however when asked what his last name was she cried and refused to provide it. She was very fearful and refused to answer questions regarding the current incident or incidents of past violence. The video shows the reaction to these questions, and at several times during the interview, Ms. Emery looks to the DVRT representative for guidance. The DVRT member was very professional and was there to support the victim

Ms. Emery said that she was staying at Matthew's house at 70 Brady Road, Lake Hopatcong earlier that day. She said they woke up around 11:00 am she went to pick up breakfast, and they ate it together at home. Later that evening, around 7:00 pm they departed to attend a party at Matthew's friend's house. She was unsure of the location of his friends home but said it was in a gated condo complex near a golf course and pool. Ms. Emery is not familiar with his friends, and while getting to know them, she stated that she and a long time female friend of Matthew began talking about breast implants.  During the conversation, the girl touched Ms. Emery's breasts. This made Matthew angry, and they departed shortly after. She stated that she was the designated driver and Matthew had a lot to drink, so she was driving when they had a verbal argument. She said the argument was "about the way I behaved around his friends" and that she was "a little too accepting of his female friends," and that this interaction with his friend may have made him feel jealous. The argument eventually escalated and became physical; she said, "I kind of just... we began to..." Ms. Emery then starts to swing her arms in a flailing motion, suggesting that they were fighting. She said the fight became "a little physical" and that she hit "to defend herself." She said while she was driving he took control of the steering wheel and steered the vehicle onto the shoulder and put the car in park. He then ordered her out of the vehicle, and she said: " It was an instinct, a survival instinct." She then exited the vehicle and thought he was going to wait until she cooled off but instead he got into the driver seat and drove away.

She then told me that when Trooper Lewis approached her, he noticed that she had dried blood on her lips, to which she was unaware of, and could not explain where it came from. I observed several injuries on her, a laceration on her forehead, a split and swollen lip, and bruises on her hand and forearm. Before the conclusion of the interview, I asked Ms. Emery if she had any questions, to which she asked, "Will I be okay."

# N.J. State Police Supplemental Investigation Report      B080-2017-00171

The interview concluded at 1:51 am.   (It was later determined that the boyfriend was identified as Matthew Gerndt DOB 12/30/1981.  At the time of the interview, Mr. Gerndt had been admitted to Morristown Medical Center for injuries pertaining to Investigation Report Number H640-2017-00007)

Prior to my arrival a victim notification form was completed and signed off by Ms. Emery, she indicted that she did not want a temporary restraining order. (See Trooper Lewis' initial investigation report.)

Crime Scene Investigation Unit North was contacted and Detective I J. Cramer #6671 responded to the station to photograph the victim's injuries. An additional physical injury was located on Ms. Emery's right shoulder blade; a large square laceration was photographed as well.

As the investigation progressed, the NJSP Homicide Unit advised members of Troop B CIO that Netcong Station personnel would be responsible for the Domestic Violence charges. DSG Lewis then prepared a 'TBD' complaint.  Morris County Assistant Prosecutor Julian Hill was contacted and advised of the circumstances of the Simple Assault, he authorized the charges to be placed on a Complaint Summons (1427S2017000247). At approximately 10:30 am I was then contacted by Chief Assistant Prosecutor Matthew Troiano who advised that the complaint would need to be voided and placed on a warrant.  A.P. Troiano stated that in order for the Prosecutor's Office to place restrictions on Mr. Gerndt, he would need to be lodged on a Complaint Warrant.  I then prepared the complaint warrant and contacted the Honorable Judge Levine who ultimately authorized the issuance of Complaint Warrant 1427 2017 000248 for Simple Assault for Matthew Gerndt.

Mr. Gerndt was treated for his injuries and released from Morristown Medical Center.  He was then relayed from Morristown hospital by Trooper H. Mack #7890 and arrived at Netcong Station at 11:04 am to be fingerprinted and photographed.  Mr. Gerndt was served with the Compliant Warrant and subsequently transported to the Morris County Jail to await a bail hearing.

See Homicide North Unit Investigation H640-2017-00007 for further details.

| Report Date: 05/30/2017 | 1st. Approval: | 2nd. Approval: |
|---|---|---|
| Report Date: 05/30/2017 | Date: 05/30/2017 | Date: 05/30/2017 |
| Rank: DET. I S S MISTRETTA  #7004 | DSG G C LEWIS  # 5964 | DSG G C LEWIS  # 5964 |
| Signature: | Signature: | Signature: |